# CARROLL,

## JULY TERM, A. D. 1843.

## LEDDEN *vs.* COLBY.

It is not necessary for a surviving partner, in a suit to recover a debt due the partnership, to aver the death of his former partner.

But the fact of the death must be proved, whether it be alleged or not.

DEBT on judgment. The defendant, as surviving partner of the firm of Colby and Emery, was summoned to answer to the plaintiff, surviving partner of James Abbot, for that the plaintiff and said James Abbot, then living but since deceased, by consideration of the Justices of the Supreme Court of Judicature, held in the Province of New Brunswick, &c., &c., the declaration concluding in usual form.

The defendant pleaded *nil debet*, on which plea issue was joined.

The plaintiff produced in evidence a copy of a judgment recovered in said court, but offered no evidence to shew that he was the surviving partner of James Abbot, nor that the defendant was the surviving partner of said firm of Emery and Colby. The defendant objected to the evidence, as insufficient, but a verdict was taken, by consent, for the plaintiff, subject to the opinion of this court on the whole case.

*J. Eastman*, for the defendant. The plea of *nil debet* in an action of debt on foreign judgments puts all the matters in issue. 1 *Chitty's Pleading* 477; 2 *Starkie on Evidence* 463. The allegation that Ledden, the plaintiff, was a surviving partner, is a material allegation. 1 *Chitty* 7, note.

---

---

*S. Emerson,* and *Hale,* for the plaintiff. The verdict should stand. It was not necessary that the plaintiff should declare as surviving partner; he might have declared in his own name. 1 *Chitty's Pl.* 12; 5 *Esp. R.* 32; 1 *Esp. R.* 47; 2 *Chitty's Pl.* 47. He might have joined in an action on a claim in his own right,—a claim as surviving partner. The present plaintiff must needs sue alone, and not join with him the executor of his late partner.

If a defendant pleads in abatement that other persons should have been joined, he must aver that they were living. 1 *Salk.* 91.

If one who should have been joined with the defendant, is not, the objection should be by plea in abatement. 1 *Chitty's Ev.* 29; 1 *Saund. Ev.* 154.

It is not necessary to prove averments in a declaration which are not necessary to maintain the action, and do not go to the *gist* of it. *Buller's N. P.* 167; 1 *Esp. N. P.* 257. Hence if the plaintiff was not bound to aver the death of his partner, it was unnecessary to prove it. The *gist* of this action was the record, which could not be impeached on a plea of *nil debet.*

PARKER, C. J. It appears to be clear from the authorities, that in a suit by a surviving partner, to recover a debt due the partnership, he need not aver in the declaration the death of his late partner; 5 *Esp. R.* 31, *Ditchburn* vs. *Spracklin;* 2 *Johns. Cases* 374, *Bernard* vs. *Willcox;* though it is more usual to do so. 1 *Chitty's Pl.* 12. There is, however, no ground to say that because the averment is omitted, it is not necessary to prove the fact; for though the action may be well brought without alleging the death, unless on trial there be evidence of the death presented, there would be a manifest variance between the declaration and the proof. 1 *Chitty's Pl.* 6; 1 *Saund. R.* 154, *note,* (b.)

There are some facts, it is true, which must be proved if averred, but which yet need not be proved, if not averred.

But the mere making an averment of a fact necessary to be proved to establish a case, can never take the place of that proof. There would be a variance, had the plaintiff not alleged the death of his partner. How can there be less a variance because he *has* alleged it?

Perhaps the allegation of the plaintiff might have been specially traversed by the defendant; 1 *Saund. R.* 154, *note* (1); but he was not obliged to take that course. The general issue puts all matters in issue, and the plaintiff must make out at least a *prima facie* case on his declaration. 1 *Chitty's Pl.* 477; 2 *Starkie Ev.* 140, *note* (u) & 463, 464. This he by no means does when, as in the present instance, he styles himself a surviving partner, and shews a judgment in favor of himself and another, which other must be presumed alive until the contrary be shewn. On these grounds we must set the verdict aside and order a

*New trial.*